UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RSL COMMUNICATIONS, PLC,

              Plaintiff,

-v-

NESIM BILDIRCI, *et al.*,

              Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/09
```

No. 04 Civ. 5217 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On February 20, 2009, the Court conducted oral argument regarding the parties' pending cross-motions for summary judgment. This Order clarifies the standard that the Court will apply when addressing the causation element of Plaintiff's claims, and directs the parties to make an additional submission regarding that element.

In their motion for summary judgment, Defendants argue that Plaintiff has failed to adduce sufficient evidence that Defendants' alleged breach of fiduciary duty was the proximate cause of Plaintiff's losses. (Defs.' Mem. at 69-70.) In response to that argument, Plaintiff argues, *inter alia*, that "[t]he Second Circuit does not require an express finding of proximate cause in fiduciary duty questions." (Pl.'s Mem. at 67 (quoting *Evvtex Co. v. Hartley Cooper Assocs. Ltd.*, 102 F.3d 1327, 1334 (2d Cir. 1996)).) However, in cases decided after *Evvtex*, the Second Circuit has refined its pronouncements on the causation element in breach of fiduciary duty claims.

Specifically, where a plaintiff brings a breach of fiduciary claim under New York State law and seeks compensatory damages — as opposed to a restitutionary remedy — the plaintiff must demonstrate proximate causation. *See LNC Invs., Inc. v. First Fidelity Bank, N.A. New*

*Jersey*, 173 F.3d 454, 465 (2d Cir. 1999) ("[W]here damages are sought for breach of fiduciary duty under New York law, the plaintiff must demonstrate that the defendant's conduct proximately caused injury in order to establish liability." (citing *R.M. Newell Co. v. Rice*, 653 N.Y.S.2d 1004, 1005 (4th Dep't 1997) and *Stoeckel v. Block*, 566 N.Y.S.2d 625, 626 (1st Dep't 1991))); *Am. Fed. Group, Ltd. v. Rothenberg*, 136 F.3d 897, 907 n.7 (2d Cir. 1998); *Pension Comm. v. Bank of Am. Sec., LLC*, No. 05 Civ. 9016 (SAS), 2008 WL 4755734, at *3 (S.D.N.Y. Oct. 29, 2008); *Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. LLC*, No. 00 Civ. 9214 (RWS), 2007 WL 2948115, at *24 (S.D.N.Y. Oct. 9, 2007). At oral argument, Plaintiff conceded that it seeks compensatory damages in this action. (Transcript of Oral Argument, Feb. 20, 2009, at 34:12-21.) Thus, under New York law, Plaintiff cannot establish Defendants' liability by merely proving that the alleged breach of fiduciary duty was a "substantial factor" in causing Plaintiff's loss. Rather, with respect to causation, Plaintiff must demonstrate that the loss for which it seeks compensatory damages was proximately caused by Defendants' alleged breach of fiduciary duty.

Plaintiff also argues that, the weight of this authority notwithstanding, the causation standard to be applied in this case was conclusively determined in the September 24, 2006 decision denying Defendants' motion to dismiss, *RSL Communications PLC ex rel. Jervis v. Bildirci*, No. 04 Civ. 5217 (KMK), 2006 WL 2689869 (S.D.N.Y. Sept. 24, 2006). (Pl.'s Mem. at 67-68.) In that prior decision, the Honorable Kenneth M. Karas, District Judge, stated that "[t]o establish that Defendants breached their duty of care, Plaintiff need only 'establish that the offending parties' actions were 'a substantial factor' in causing an identifiable loss.'" *RSL Commc'ns PLC*, 2006 WL 2689869, at *4 (quoting *F.D.I.C. ex rel. First New York Bank v. Bober*, No. 95 Civ. 9529 (JSM), 2003 WL 21976410, at *1 (S.D.N.Y. Aug. 19, 2003)).

However, Judge Karas merely held that "it is not clear at this stage in the proceedings that Defendants' fulfillment of their fiduciary duties would have been futile, as that is a matter of dispute between the Parties and not something that can be determined as a matter of law." *Id.* at *8. Thus, Judge Karas's ruling regarding whether Plaintiff had adequately pleaded the causation element of its claims was not as broad as the proposition he initially stated.

Moreover, even to the extent that this prior decision can be said to contain a ruling on the causation standard that should be applied to determine liability in this action, the Court is not persuaded that it is obligated by the "law of the case" doctrine to apply the "substantial factor" test. "Application of the 'law of the case' doctrine is 'discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment.'" *Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996); *see also Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power."); *DiLaura v. Power Auth.*, 982 F.2d 73, 76 (2d Cir. 1992); *Golden Pac. Bancorp v. F.D.I.C.*, No. 95 Civ. 9281 (NRB), 2003 WL 21496842, at *5 n.14 (S.D.N.Y. June 27, 2003) ("[W]hen the mandate of a higher court is not involved, the law of the case doctrine is a discretionary one.").

Indeed, "'as a ruling in favor of a plaintiff on a motion to dismiss does not address the merits of a case, such ruling will not preclude a subsequent ruling in favor of a defendant on the same issue on a motion for summary judgment following discovery.'" *Nobel Ins. Co. v. City of New York*, No. 00 Civ. 1328 (KMK), 2006 WL 2848121, at *4 (S.D.N.Y. Sept. 29, 2006) (quoting *Day Spring Enters., Inc. v. LMC Int'l Inc.*, No. 98 Civ. 658A (F), 2004 WL 2191568, at *13 (W.D.N.Y. Sept. 24, 2004)). Therefore, "[t]he law of the case doctrine . . . does not

preclude this Court from reconsidering issues on summary judgment that have initially been raised in the context of a motion to dismiss." *Id.* at *4.

Accordingly, with respect to the causation standard to be applied to Plaintiff's claims, the Court concludes that it is not bound by Judge Karas's prior decision mentioning the "substantial factor" test. In light of the Second Circuit authority on this issue, as well as Plaintiff's concession that it seeks compensatory damages rather than restitution, the Court will apply the proximate causation standard.

Nevertheless, in order to eliminate the potential for prejudice as a result of any prior ambiguity regarding the legal standard to be applied, both parties are directed to make an additional submission, not to exceed ten pages, addressing the causation element of Plaintiff's claims. The submissions shall be received by the Court by March 27, 2009, and should contain as many direct citations to the record as possible.

SO ORDERED.

Dated:     February 23, 2009
             New York, New York

                                              RICHARD J. SULLIVAN
                                              UNITED STATES DISTRICT JUDGE