GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
John H. Bae, Esq.
baej@gtlaw.com

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Ingrid Bagby, Esq.
ingrid.bagby@cwt.com

Co-counsel for Plaintiff, RSL Communications Plc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RSL COMMUNICATIONS PLC, by Michael John Andrew Jervis and Steven Anthony Pearson, as the Joint Administrators,<br><br>                    Plaintiff,<br><br>        -against-<br><br>NESIM BILDIRICI, PAUL DOMORSKI, ITZHAK FISHER, RONALD S. LAUDER, STEVEN SCHIFFMAN, JACOB SCHUSTER and EUGENE SEKULOW,<br><br>                    Defendants. | 04 Civ. 5217 (RJS) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
<u>RSL COMMUNICATIONS PLC TO SUPPLEMENT DISCOVERY</u>

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND ..............................................................................................................................3

ARGUMENT....................................................................................................................................5

    I. RSL PLC DID NOT HAVE AN OPPORTUNITY TO COMPLETE
    DISCOVERY ON THE CRITICAL ISSUE OF CAUSATION ...........................................5

    II. SUPPLEMENTAL REPORTS FROM ITS EXPERTS WILL ENABLE
    RSL PLC TO ESTABLISH "BUT FOR" AND PROXIMATE CAUSATION.....................8

    III. RSL PLC HAS SATISFIED THE REQUIREMENTS FOR ADDITIONAL
    DISCOVERY UNDER FRCP 56(f)......................................................................................13

CONCLUSION................................................................................................................................15

## **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES:**

*AUSA Life Ins. Co. v. Ernst & Young*, 206 F.3d 202 (2d Cir. 2000) .............................................. 9

*In re Dark Horse Tavern*, 189 B.R. 576 (Bankr. N.D.N.Y. 1995) ................................................ 7

*FDIC v. Bober*, No. 95 Civ. 9529 (JSM), 2003 WL 21976410 (S.D.N.Y. Aug. 19, 2003) ....... 6, 7

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 245 F.R.D. 147 (S.D.N.Y. 2007) ........................ 10

*Home Sav. of Am., FSB v. Amoros*, 661 N.Y.S.2d 635 (N.Y. App. Div. 1st Dep't 1997)............ 10

*Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414 (2d Cir. 1989)................. 13

*Johnson v. Arista Holding, Inc.*, No. 05 Civ. 9645 (LBS), 2006 WL 3511894
 (S.D.N.Y. Dec. 5, 2006)........................................................................................................ 5, 13

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) ............................................................. 10

*LNC Invs., Inc. v. First Fid. Bank*, 126 F. Supp. 2d 778 (S.D.N.Y. 2001)............................... 9, 10

*LNC Invs., Inc. v. First Fid. Bank, N.A., N.J.*, 173 F.3d 454 (2d Cir. 1999) .................................. 9

*Malmsteen v. Berdon, LLP*, 595 F. Supp. 2d 299 (S.D.N.Y. 2009), ............................................ 10

*Milbank, Tweed, Hadley & McCloy v. Boon*, 13 F.3d 537 (2d Cir. 1994) ..................................... 6

*Moore v. PaineWebber, Inc.*, 189 F.3d 165 (2d Cir. 1999) ............................................................ 9

*Nallan v. Helmsley-Spear, Inc.*, 407 N.E.2d 451 (N.Y. 1980) ..................................................... 11

*Peele v. Mattingly*, No. 06 Civ. 13423 (LBS), 2007 WL 2509766 (S.D.N.Y. Sept. 5, 2007)......... 5

*Royal Ins. Co. of Am. v. Joseph Daniel Constr., Inc.*, 208 F. Supp. 2d 423 (S.D.N.Y. 2002) ..... 11

*RSL Commc'ns Plc v. Bildirici*, No. 04-CV-5217 (KMK), 2006 WL 2689869
 (S.D.N.Y. Sept. 14, 2006)....................................................................................................... 3, 6

*Semi-Tech Litig., LLC v. Bankers Trust Co.*, 353 F. Supp. 2d 460 (S.D.N.Y. 2005),
 *aff'd In re Bankers Trust Co.*, 450 F.3d 121 (2d Cir. 2006) ....................................................... 9

*Visa Int'l Serv. Ass'n v. JSL Corp.*, No. 02:01-CV-0294-LRH (LRL), 2006 WL 3248394 (D. Nev. Nov. 7, 2006) ............................................................................................... 6

*In re Vitamins Antitrust Litig.*, 94 F. Supp. 2d 26 (D.D.C. 2000).................................................. 6

*Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411 (2d Cir. 2004).................................................. 10

**STATUTES AND OTHER AUTHORITIES:**

Federal Rule of Civil Procedure 56(f) ................................................................................. passim

Black's Law Dictionary, 8th Edition 2004....................................................................................6

Plaintiff RSL Communications Plc ("RSL Plc"), by Steven Anthony Pearson and Michael John Andrew Jervis as joint administrators, submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure ("FRCP") 56(f) to supplement the record in this case with additional discovery (the "Motion").

PRELIMINARY STATEMENT

The Court should permit RSL Plc to supplement the record before this Court with additional discovery relating to whether the defendants' failure to take action to preserve the value of RSL Plc's assets in the year 2000 was the proximate or "but for" cause of the damages suffered by RSL Plc and its creditors. By its September 14, 2006 decision in which the Court denied the defendants' motion to dismiss the Complaint in this action, the Court ruled that the applicable standard for causation in this action is whether the defendants' inaction was a "substantial factor" in bringing about damages to RSL Plc. Based on that ruling, RSL Plc conducted extensive fact and expert discovery to satisfy the substantial factor test of causation. In particular, RSL Plc obtained testimony from the defendants that although they were the only persons able to act on RSL Plc's behalf, they never took any affirmative action in the year 2000 to preserve the value of RSL Plc's assets. RSL Plc also submitted expert opinions that RSL Plc's assets diminished in value from approximately $1 billion in the summer of 2000, to become nearly worthless by 2001, and that reasonable directors in like circumstances would have taken affirmative action to preserve the company's assets. RSL Plc believes the record it has presented to the Court amply satisfies the substantial factor test of causation.

Upon completion of such discovery and oral argument on the parties' respective motions for summary judgment, the Court entered the May 4th Order, by which the Court ruled that the standard of substantial factor causation was not the applicable standard in this action, and ruled

1

that it would apply the standard of "but for" and proximate causation. While RSL Plc believes that the factual record already before the Court is sufficient to satisfy even the heightened standard of causation adopted by the Court, it should not be required to gamble on this critical issue based on discovery and expert opinions that were intended to satisfy the lesser standard of the substantial factor test.

For this reason, RSL Plc has filed this Motion to supplement the record before the Court with supplemental expert reports that will directly address the standard of "but for" and proximate causation. In particular, and as set forth in the accompanying supplemental opinion of Bruce Den Uyl, RSL Plc's valuation expert will affirmatively opine that had the defendants marketed RSL Plc's operating subsidiaries in June of 2000, they would have been able to extract approximately $1 billion from the market. That opinion is based on similar transactions that were taking place in the telecommunications industry at that time. RSL Plc also would seek to supplement the opinions of its governance expert, Steven G. Panagos, with his accompanying supplemental opinion, in which he opines that reasonable directors in like circumstances as here would have taken steps to, among other things, sell RSL Plc's operating subsidiaries, and cease or reduce funding subsidiaries of RSL Plc that could not repay the funds from RSL Plc, an action which would have preserved approximately $69 million in cash.

Under these circumstances, where RSL Plc prosecuted discovery in this action in the good faith belief that the Court would apply a different and lesser causation standard than the one the Court adopted, RSL Plc should be given an opportunity to supplement the record. RSL Plc is not seeking to reopen or repeat extensive discovery that will unduly delay the ultimate disposition of this action. Without conceding the point, it is merely seeking to add two supplemental expert opinions to address what RSL Plc suspects the defendants will argue is a

gap in RSL Plc's expert opinions relating to causation. Indeed, the supplemental expert opinions that RSL Plc is seeking to add to the record already have been rendered by its experts and are being submitted herewith. RSL Plc easily satisfies the requirements for seeking additional discovery under FRCP 56(f). The Court should grant the Motion.

## BACKGROUND

RSL Plc commenced this action on July 2, 2004, alleging that the defendants, as former directors of RSL Plc, breached their fiduciary duties owed to RSL Plc and its creditors. In November 2004, the defendants moved to dismiss the Complaint in this action.[1] That motion was denied by this Court's memorandum decision dated September 14, 2006. *See RSL Commc'ns Plc v. Bildirici*, No. 04-CV-5217 (KMK), 2006 WL 2689869 (S.D.N.Y. Sept. 14, 2006). In that decision, this Court held that the causation standard of substantial factor was the applicable standard for this action. *Id.* at *5.

Following the Court's decision on the motion to dismiss, the parties engaged in and completed both fact and expert discovery on October 23, 2007. As part of discovery, RSL Plc submitted the opinion of its valuation expert, who opined that the value of RSL Plc's operating subsidiaries in June 2000 was approximately $1 billion, applying a marketability discount. *See* Declaration of Ingrid M. Bagby in Opposition to Defendants' Motion for Summary Judgment, dated January 9, 2008 ("Bagby Decl."), Ex. 25 (Report of R. Bruce Den Uyl, dated July 27, 2007) at 54-55. That value had fallen to become nearly worthless by 2001. *See* Declaration of Adam C. Dembrow in Support of Motion of RSL Communications Plc for Partial Summary Judgment, dated November 28, 2007 ("Dembrow Decl."), Exhibit HH (Defendants' Responses and Objections to Plaintiff's Requests for Admission) at 16. RSL Plc also submitted the opinion

---

[1] Pursuant to Rule 2.B of this Court's Individual Practices, a copy of the Complaint is attached as Exhibit A to the Declaration of John H. Bae in Support of Motion of RSL Communications Plc to Supplement Discovery, dated May 29, 2009 ("Bae Decl."), filed contemporaneously herewith.

3

of its governance expert, who opined that reasonable directors in similar circumstances as here would have taken affirmative steps to, among other things, market and sell the operating subsidiaries, cease or reduce funding subsidiaries of RSL Plc that could not repay the funds from RSL Plc, and curtailed the expansion of its European network.  *See* Bagby Decl., Ex. 22 (Expert Report of Steven G. Panagos, dated July 27, 2007), at 26-27; Ex. 39 (Rebuttal Report of Steven G. Panagos, dated October 23, 2007), at 25-26.

Pursuant to this Court's order dated November 1, 2007, the parties were authorized to file motions for summary judgment and to exclude certain expert reports and testimony.  Briefing on all motions was completed on January 30, 2008.  Oral argument was held on the summary judgment motions on February 20, 2009.  All motions are still pending.

On February 23, 2009, this Court issued an order, which stated that the Court would not apply the substantial factor standard on causation, but directed the parties to submit supplemental briefs addressing the causation element of RSL Plc's claims.  The supplemental briefs were filed with the Court on March 27, 2009.  In its supplemental causation brief, RSL Plc reserved its right to file a motion to either reopen discovery or to supplement the summary judgment record.

On May 4, 2009, this Court issued an order (the "May 4th Order") stating that the Court would apply a "but for" and proximate causation standard in resolving the parties' pending motions for summary judgment.  The May 4th Order also directed that if RSL Plc wished to file a motion to either reopen discovery or to supplement the summary judgment record, it should submit a pre-motion letter pursuant to Rule 2.A of the Court's Individual Practices by May 11, 2009.  RSL Plc timely submitted the pre-motion letter seeking leave to file this Motion.

On May 15, 2009, the Court entered an order granting RSL Plc leave to file the Motion.

ARGUMENT

I.   RSL PLC DID NOT HAVE AN OPPORTUNITY TO COMPLETE DISCOVERY ON THE CRITICAL ISSUE OF CAUSATION

RSL Plc developed the causation element of its claims in reliance upon this Court's application of the substantial factor standard in its decision denying the defendants' motion to dismiss.  While RSL Plc believes the extant factual record establishes, or at a minimum raises genuine issues of material fact with respect to, causation, RSL Plc should not be forced to take an unreasonable gamble on this issue.

When considering motions for summary judgment, courts have allowed for additional discovery where the nonmoving party has not had an opportunity to complete full discovery.  *See Johnson v. Arista Holding, Inc.*, No. 05 Civ. 9645 (LBS), 2006 WL 3511894, at *4 (S.D.N.Y. Dec. 5, 2006).  In *Johnson*, the defendants sought summary judgment on certain of the plaintiff's claims based on an expert report that they served on the plaintiff on the last day of an expedited discovery period.  *Id.*  Plaintiff's counsel submitted an affidavit pursuant to FRCP 56(f) stating that to rebut the defendants' expert report, he would need to depose the expert and retain an expert of his own.  *Id.*  The court denied defendants' motion for summary judgment and directed that additional discovery be conducted, noting that "[t]he Supreme Court has stressed Rule 56(f) as an important safety valve to prevent nonmovants from being 'railroaded' by a premature summary judgment motion[,]" and that "[t]he purpose of summary judgment is to promptly dispose of cases where the record shows that there is no genuine issue of fact, not to prematurely decide cases on an incomplete record."  *Id.* (internal citations omitted).  *See also Peele v. Mattingly*, No. 06 Civ. 13423 (LBS), 2007 WL 2509766, at *2 (S.D.N.Y. Sept. 5, 2007) (holding defendants' summary judgment motion in abeyance and directing that additional discovery be conducted on "issues that may be dispositive and are likely to present genuine issues of material

5

fact"); *cf. In re Vitamins Antitrust Litig.*, 94 F. Supp. 2d 26, 35 (D.D.C. 2000) (plaintiff entitled to additional jurisdictional discovery when a change in the governing law altered the applicable test for personal jurisdiction); *Visa Int'l Serv. Ass'n v. JSL Corp.*, No. 02:01-CV-0294-LRH (LRL), 2006 WL 3248394, at *1 (D. Nev. Nov. 7, 2006) (reopening of discovery on a broad scale was necessitated by a change in the law and the revival of previously dismissed claims).

In this case, RSL Plc did not conduct discovery to establish "but for" and proximate causation because discovery had already closed when this Court ruled that it would apply "but for" and proximate causation, rather than the substantial factor standard on causation. RSL Plc had conducted a year's worth of discovery in order to establish that the defendants' inaction was a substantial factor in causing harm to RSL Plc and its creditors, and developed a record in discovery demonstrating that RSL Plc satisfies this standard.

Explaining this standard in its decision denying the defendants' motion to dismiss, this Court ruled that "[t]o establish that Defendants breached their duty of care, Plaintiff need only 'establish that the offending parties' actions were a 'substantial factor' in causing an identifiable loss.'" *Bildirici*, 2006 WL 2689869, at *5 (quoting *FDIC v. Bober*, No. 95 Civ. 9529 (JSM), 2003 WL 21976410, at *1 (S.D.N.Y. Aug. 19, 2003)). Black's Law Dictionary further explains that under the substantial factor standard of causation, "causation exists when the defendant's conduct is an important or significant contributor to the plaintiff's injuries." Black's Law Dictionary (8th ed. 2004).

Even where other events may have contributed to the plaintiff's damages, courts have found causation where the defendants' actions may have contributed to the loss. For example, in *Milbank, Tweed, Hadley & McCloy v. Boon*, 13 F.3d 537, 538-39 (2d Cir. 1994), the Second Circuit ruled that when a law firm first represented one client in connection with an asset
6

purchase, then later represented that client's agent in the same transaction without the initial client's consent, the law firm's breach of fiduciary duty was a substantial factor in preventing the client from obtaining the asset she sought to purchase, even though the client may not have been able to purchase the asset for other reasons.

The Southern District also has held defendants liable for breach of fiduciary duty under the substantial factor test, despite the occurrence of other events that potentially played a role in causing plaintiff's injuries.  For example, in *FDIC v. Bober*, the defendant directors argued that they were not liable for breach of fiduciary duty because "the chain of causation from their improper approval of the extensions of credit was broken by events subsequent to their actions for which they are not liable." 2003 WL 21976410, at *1.  The court rejected this argument because "breaches of a fiduciary relationship in any context comprise a special breed of cases that often loosen normally stringent requirements of causation and damages." *Id.*

Here, in reliance on this Court's decision denying the motion to dismiss, RSL Plc successfully developed a factual record during discovery which establishes that the defendants' inaction was a substantial factor in causing the harm suffered by RSL Plc.  It is undisputed that RSL Plc had no employees.  Therefore, the defendants, as directors and fiduciaries of RSL Plc, were the only persons who could have acted on RSL Plc's behalf, either by taking actions themselves or by hiring and empowering officers or other employees to act.  *See, e.g., In re Dark Horse Tavern*, 189 B.R. 576, 580 (Bankr. N.D.N.Y. 1995) ("It is well established that outside the bankruptcy context a corporation can only act through its directors, officers, and employees.").

The defendants' failure to act to preserve and monetize value from RSL Plc's assets in 2000 proved devastating to the company.  RSL Plc's valuation expert, Mr. Den Uyl, submitted an expert report in this litigation in which he opines that RSL Plc's operating subsidiaries were

7

worth approximately $1 billion in June of 2000, which had become nearly worthless by 2001, as RSL Plc was only able to recover approximately $32 million after 2001 for the sale of its subsidiaries.  *See* Bagby Decl., Ex. 25, at 54-55.

Additionally, RSL Plc's governance expert, Mr. Panagos, opined that reasonable directors should have, among other things, marketed RSL Plc's subsidiaries for a sale, and ceased or curtailed certain expenditures in order to recover value for the company and its creditors.  *See* Bagby Decl., Ex. 22, at 26-27; Ex. 39, at 25-26.  Taken together, the expert reports demonstrate that the defendants' failure to actively market RSL Plc's subsidiaries and their failure to curb the expenditures were a substantial factor in causing damages to RSL Plc and its creditors.

This record was established based on the Court's ruling that the substantial factor test for causation would apply to this action.  Insofar as the Court rendered its decision to apply the heightened standard of "but for" and proximate causation after discovery closed, RSL Plc should be given an opportunity to supplement the record before the Court to establish causation under this heightened standard.

II.   SUPPLEMENTAL REPORTS FROM ITS
      EXPERTS WILL ENABLE RSL PLC TO
      ESTABLISH "BUT FOR" AND PROXIMATE CAUSATION

RSL Plc believes that the factual record it has developed already is sufficient to establish "but for" and proximate causation.  Notwithstanding, causation is a critical element to RSL Plc's claims in this action, and RSL Plc should not be required to take the risk of the Court finding the record is not sufficient to establish causation under the heightened standard.  RSL Plc should be permitted to supplement the record with supplemental opinions from Mr. Den Uyl and Mr. Panagos to conclusively establish "but for" and proximate causation.

This Court has explained that "[c]ausation of course has two major components: cause-in-fact, or 'but-for' cause, and proximate cause." May 4th Order (citing *Semi-Tech Litig., LLC v. Bankers Trust Co.*, 353 F. Supp. 2d 460, 482 (S.D.N.Y. 2005), *aff'd In re Bankers Trust Co.*, 450 F.3d 121 (2d Cir. 2006)). The Second Circuit has explained "but for" causation as simply requiring a determination that "the complained-of loss would not have occurred had the defendant not committed the relevant breach." *Semi-Tech*, 353 F. Supp. 2d at 482.

Further, the Second Circuit has held that proximate cause may be established by a showing that the defendant's conduct was a substantial factor in bringing about the plaintiff's injury and that such injury was reasonably foreseeable. *See AUSA Life Ins. Co. v. Ernst & Young*, 206 F.3d 202, 215 (2d Cir. 2000). "[A]t common law, the element of foreseeability is generally satisfied by a showing that the plaintiff was in a foreseeable category of persons who might be harmed. . . . And this is so in some common law cases even when the type of harm may be unforeseeable." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 179 (2d Cir. 1999) (Calabresi, J., concurring).

Courts in this district have held that proximate cause may be established by showing inaction on the part of a fiduciary defendant. Following remand by the Second Circuit in its decision in *LNC Invs., Inc. v. First Fid. Bank, N.A., N.J.*, 173 F.3d 454 (2d Cir. 1999), and applying the proximate cause standard, the district court in *LNC* ruled that proximate cause may be satisfied by showing that the fiduciary failed to take an action that would have limited the losses suffered by the plaintiff. *LNC Invs., Inc. v. First Fid. Bank,* 126 F. Supp. 2d 778 (S.D.N.Y. 2001). In *LNC,* the plaintiffs alleged that the trustee of a trust that issued bonds, which were secured by an aircraft that had been leased to a company in bankruptcy, caused the plaintiffs' losses by failing to take action in the bankruptcy court to gain control over the aircraft

9

and sell it before it depreciated in value. The court ruled, "Plaintiffs would satisfy the proximate cause element on liability if they proved (1) the collateral's rate of decline over time, and (2) that Defendants' failure to act at some point or points along that time line (a) was imprudent and (b) adversely affected Plaintiffs' secured position." *Id.* at 800.

Other courts are in accord with *LNC* that inaction can establish proximate cause, even if other factors may have contributed or caused the damage. In *Lerner v. Fleet Bank, N.A.,* the Second Circuit held that defendants who breached their duty of care by failing to monitor trust accounts or to reasonably investigate suspicious activity could have proximately caused harm to those to whom they owed the duty. 459 F.3d 273, 283, 290 (2d Cir. 2006) (citing *Home Sav. of Am., FSB v. Amoros*, 661 N.Y.S.2d 635, 639 (N.Y. App. Div. 1st Dep't 1997)) (defendant "banks' alleged breaches of their duty to investigate and, if necessary, safeguard the funds in its trust account, would qualify as a proximate cause of the clients' losses"). Similarly, in *Malmsteen v. Berdon, LLP*, 595 F. Supp. 2d 299, 308 (S.D.N.Y. 2009), where the plaintiff alleged that defendants breached their fiduciary duties and caused damages by failing to monitor his income, which enabled a third party to embezzle his funds, the court found that a reasonable jury could conclude that defendants' failure to "discover and/or prevent such embezzlement played a substantial part in causing the loss. . . and that, if defendants had performed their duties, the embezzlement would not have occurred."

In the Second Circuit, expert testimony may be relied on to show causation. *See Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 424 (2d Cir. 2004) (Calabresi, J., concurring) (citing *Prosser on Torts* for the proposition that "where a basis of common knowledge or human experience is lacking, 'expert testimony may provide a sufficient foundation.'"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 245 F.R.D. 147, 169-170 (S.D.N.Y. 2007) (finding plaintiffs'

NY 239,569,417v8 5-29-09

proffered expert testimony concerning efficiency of market for shares of corporation's stock and market's responsiveness to certain events during class period was reliable and thus admissible to show possibility of loss causation); *Royal Ins. Co. of Am. v. Joseph Daniel Constr., Inc.*, 208 F. Supp. 2d 423, 428 (S.D.N.Y. 2002) (allowing testimony of expert as to most probable cause of fire); *Nallan v. Helmsley-Spear, Inc.*, 407 N.E.2d 451, 459 (N.Y. 1980) (holding that a building's management could be found to have proximately caused the injury suffered by a plaintiff when the plaintiff was shot in the building's lobby since an expert's report opined that if the building's lobby attendant had been present at the site of the shooting, the shooting might not have occurred).

The supplemental opinions from RSL Plc's experts Mr. Den Uyl and Mr. Panagos, submitted herewith, unquestionably establish causation, or at a minimum raise genuine issues of material fact as to whether the defendants' inaction was the "but for" and proximate cause of damages suffered by RSL Plc and its creditors. It is undisputed that in the summer of 2000, defendants failed to take action to sell the operating subsidiaries or curtail the funding of the European subsidiaries. Defendants failed to take action even while they were fully aware that the telecommunications market was in a severe downturn; their efforts to raise cash from the capital markets had failed; and that RSL Plc would run out of cash by November 2000. *See* Local Rule 56.1 Statement of Uncontested Material Facts in Support of RSL Communications Plc's Motion for Partial Summary Judgment at ¶¶ 19-23, 33; Dembrow Decl., Ex. S (Presentation of Goldman, Sachs & Co. Regarding Funding Alternatives dated June 8, 2000) at RSL PLC 0004027. RSL Plc contends that its operating subsidiaries had a value of approximately $1 billion in June 2000, which became significantly less valuable by 2001. *See* Dembrow Decl., Exhibit HH at 16. It also cannot be disputed that defendants were fiduciaries

11

for RSL Plc and also its creditors once RSL Plc became insolvent (or entered the zone of insolvency), and that the failure to preserve and extract value from RSL Plc's assets would ultimately harm RSL Plc and its creditors.

The supplemental expert reports demonstrate that the defendants' failure, in the year 2000, to take appropriate actions to preserve the value of RSL Plc and its operating subsidiaries at a time when their value was declining is the "but for" and proximate cause of RSL Plc's injuries. But for the defendants' failure to market most of its valuable operating subsidiaries or curtail expenses in 2000, RSL Plc would not have lost the ability to recover substantial value from its subsidiaries. This result was, or should have been, foreseeable to the defendants.

In his supplemental expert report, Mr. Den Uyl opines, based on comparable transactions that were occurring in the telecommunications industry in the summer of 2000, that had the defendants actually marketed RSL Plc's valuable operating subsidiaries at that time, they would have been able to recover approximately $1 billion for the benefit of RSL Plc and its creditors. *See* Supplemental Report of R. Bruce Den Uyl dated May 29, 2009, at 2.[2]  This supplemental opinion demonstrates that the defendants' failure to fulfill their fiduciary duties to RSL Plc and its creditors by failing to take steps to market and sell RSL Plc's operating subsidiaries was the "but for" or proximate cause of the damages suffered by RSL Plc and its creditors.

Further, Mr. Panagos[3] already has opined that reasonable board members in like circumstances would have preserved value by, among other things, curtailing or ceasing certain expenditures. Mr. Panagos has now supplemented his expert report to quantify the damages

---

[2] A copy of Mr. Den Uyl's supplemental expert report is attached as Exhibit B to the Bae Decl.

[3] At the time he prepared his report and rebuttal report, Mr. Panagos was a Managing Director of Kroll Zolfo Cooper LLC (now Zolfo Cooper LLC). Mr. Panagos subsequently left Kroll Zolfo Cooper and is now a Managing Director and Vice Chairman of the Recapitalization and Restructuring Group at Moelis & Company. He continues to serve as RSL Plc's governance expert.

suffered by RSL Plc as a result of such failures to curtail or cease expenditures. The supplemental report states that had the directors ceased or reduced funding to subsidiaries of RSL Plc that could not repay the funds from RSL Plc, they could have saved approximately $69 million in cash. *See* Supplemental Report of Steven G. Panagos dated May 29, 2009, at 2[4]. As with Mr. Den Uyl's supplemental opinion, Mr. Panagos' supplemental opinion demonstrates that the defendants' failure to act to protect the interests of RSL Plc and its creditors was the "but for" and proximate cause of the damages suffered by RSL Plc and its creditors.

The Court should grant the Motion and permit RSL Plc to supplement the record with these supplemental opinions, which establish "but for" and proximate causation.

III. RSL PLC HAS SATISFIED THE REQUIREMENTS FOR ADDITIONAL DISCOVERY UNDER FRCP 56(f)

FRCP 56(f) states that "[i]f a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

The Second Circuit has explained that an affidavit submitted pursuant to FRCP 56(f) must state: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful. *See Johnson*, 2006 WL 3511894, at *4 (citing *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989)). The Bae Decl., filed contemporaneously herewith, complies with these requirements.

---

[4] A copy of Mr. Panagos's supplemental expert report is attached as Exhibit C to the Bae Decl.

13

With respect to the first two factors, the supplemental opinions of Mr. Den Uyl and Mr. Panagos demonstrate, or at a minimum raise genuine issues of material fact, that the defendants' failure to take actions to market the operating subsidiaries or curtail expenditures in the summer of 2000 was the "but for" and proximate cause of the approximately $1 billion in losses suffered by RSL Plc and its creditors.  More specifically, the supplemental opinions, together with the record already before the Court, will either demonstrate or raise a genuine issue of material fact that had the defendants taken actions that a reasonable board would have taken in similar circumstances, they would have preserved approximately $1 billion in value for RSL Plc and its creditors.

With respect to the third and fourth factors, RSL Plc was not able to obtain the supplemental opinions to address "but for" and proximate causation prior to the discovery cut-off because the Court's decision to apply the heightened standard on causation in this action was rendered after the close of discovery.  Accordingly, RSL Plc has satisfied the requirements under FRCP 56(f), and it should be permitted to reopen discovery for the limited purpose of submitting its supplemental expert opinions.

## CONCLUSION

For all of the foregoing reasons, RSL Plc respectfully requests entry of an order granting its Motion, and granting such other and further relief as is just.

Dated: New York, New York
       May 29, 2009

                              Respectfully submitted,

                              */s/ John H. Bae*
                              GREENBERG TRAURIG, LLP
                              John H. Bae
                              200 Park Avenue
                              New York, New York 10166
                              Telephone:  (212) 801-9200
                              Facsimile:  (212) 801-6400
                              baej@gtlaw.com

                              CADWALADER, WICKERSHAM & TAFT LLP
                              Ingrid Bagby
                              One World Financial Center
                              New York, New York 10281
                              Telephone:  (212) 504-6000
                              Facsimile:  (212) 504-6666
                              ingrid.bagby@cwt.com

                              Co-counsel for Plaintiff RSL Communications Plc